UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTA BLATZ, :
 : NO. 1:11-CV-00895
    Plaintiff, :
 :
  v. :
 : **OPINION AND ORDER**
COMMISSIONER OF :
SOCIAL SECURITY, :
 :
    Defendant. :

    This matter is before the Court on Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act (doc. 21), to which Defendant expressed no objection (doc. 22). For the reasons indicated herein, the Court GRANTS Plaintiff's Motion.

**I. Background**

    On April 2, 2013, the Court affirmed the Magistrate Judge's Report and Recommendation, thus reversing the Commissioner's non-disability decision and remanding this matter for further proceedings (doc. 19). Plaintiff now brings the present motion, as a prevailing party, seeking attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 21). The burden on the government as to Plaintiff's motion is to establish that its position in these proceedings was "substantially justified," however, the government indicates it will not challenge the issue of substantial justification, and it has no objection to the fees requested by Plaintiff.

**II. Analysis**

The EAJA states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses. . .incurred by that party in any civil action. . .including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.
> 28 U.S.C. § 2412(d)(1)(A).

Plaintiff seeks attorney fees and costs on the basis that she became a prevailing party and because the position of the United States in this litigation was not substantially justified (doc. 21). Plaintiff's counsel attached an itemized report of the time spent and costs expended on this matter (Id.).

Having reviewed this matter, and noting no opposition on the part of the government, the Court finds appropriate an award of EAJA fees. The government has not met the requisite burden of proof to show its position in this matter was substantially justified. 28 U.S.C. § 2412(d)(1)(A).

Since the Court finds the award of attorney's fees appropriate in this case, the Court must now determine the amount due. An acceptable procedure in calculating such fees is the lodestar method, under which the Court is to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckhart, 461 U.S. 424, 433 (1983). Plaintiff's Motion includes an affidavit reporting that

her counsel spent 27.5 hours representing Plaintiff (doc. 21). The Court has reviewed this report and finds the number of hours expended reasonable. Plaintiff requests that the hourly rate applied in this matter equate to $175.00 per hour, which she establishes in her motion to be well within the appropriate range for Cincinnati lawyers with equivalent experience. As such, the court finds such hourly rate reasonable, and the request for $5,135.75 in fees, as well as $367.00 in costs appropriate. Defendant expressed no objection, but submits that any fees awarded should be paid directly to Plaintiff (doc. 22).

**III. Conclusion**

Having reviewed this matter, the Court finds reasonable Plaintiff's Motion for Fees and Costs totaling $5,135.75. Plaintiff's Motion is unopposed, detailed and offers justification as to the legitimacy of the fees sought. As such, Plaintiff's Motion is well-taken.

Accordingly, the Court GRANTS Plaintiff's Motion for Fees Under the Equal Access to Justice Act (doc. 21), and AWARDS Plaintiff $5,135.75 for fees and costs, to be payable directly to Plaintiff.

SO ORDERED.

Date: June 11, 2013       s/S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge